# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 18-1747V
UNPUBLISHED

| | |
|---|---|
| TIFFANY LEE DRAKE,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: July 7, 2020<br><br>Special Processing Unit (SPU);<br>Decision Awarding Damages; Pain<br>and Suffering; Influenza (Flu)<br>Vaccine; Shoulder Injury Related to<br>Vaccine Administration (SIRVA) |

*Jimmy A. Zgheib, Zgheib Sayad, P.C.,* White Plains, NY, for petitioner.

*Ryan Daniel Pyles, U.S. Department of Justice,* Washington, DC, for respondent.

## **DECISION AWARDING DAMAGES**[1]

On November 9, 2018, Tiffany Lee Drake filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a right shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza ("flu") vaccination that was administered on October 25, 2017. Amended Petition at 1.[3] The case was assigned to the Special Processing Unit ("SPU") of the Office of Special Masters.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.

[3] On March 19, 2019, Petitioner filed an amended petition to correct the date of vaccination from September 14, 2017 to October 25, 2017. ECF No. 13.

For the reasons set forth below, and as I represented during the June 26, 2020 motions hearing,[4] I find that Petitioner is entitled to an award of damages in the amount **$126,859.13**, **consisting of $1,859.13 for past medical expenses, and $125,000.00 for actual pain and suffering.**

### I.   Relevant Procedural History

As noted above, the case was initiated in November 2018. On December 6, 2019, Respondent filed a status report indicating his willingness to entertain a settlement demand. ECF No. 27. Thereafter, the parties attempted to informally resolve the issue of damages but reached an impasse on an appropriate reward for actual pain and suffering. ECF No. 33. I ultimately informed the parties that I would resolve their dispute as to damages via a motions hearing, and held that hearing on June 26, 2020.[5]

The parties argued for damages based on briefing completed prior to the motions hearing. Thus, on April 2, 2020, Petitioner filed a damages brief requesting that I award $150,000.00 for pain and suffering. Petitioner's Brief in Support of Damages at 2, 14. ECF No. 39. On April 24, 2020, Respondent filed a damages brief proposing a pain and suffering award of $85,000.00. Respondent's Brief on Damages at 1. ECF No. 42. Finally, on April 30, 2020, Petitioner filed a reply to Respondent's brief reaffirming her request. Petitioner's Reply Brief at 1. ECF No. 45. The parties otherwise agree that an award of $1,859.13 in compensation for Petitioner's previously-incurred expenses is appropriate, and there are no other damages components in contention beyond pain and suffering. ECF No. 44.

### II.   Legal Standard

I have discussed at length the legal standard to be considered in determining an appropriate award of pain and suffering for a SIRVA injury in several recent decisions. I fully adopt and hereby incorporate my prior discussion in sections V and VI of the following decisions: *Vinocur v. Sec'y of Health & Human Servs.,* No. 17-0598V, 2020 WL 1161173 (Fed. Cl. Spec. Mstr. Jan. 31, 2020); *Wilt v. Sec'y of Health & Human Servs.,* No. 18-0446V, 2020 WL 1490757 (Fed. Cl. Spec. Mstr. Feb. 24, 2020); *Smallwood v. Sec'y of Health & Human Servs.,* No. 18-0291V, 2020 WL 2954958 (Fed. Cl. Spec. Mstr. Apr. 29, 2020).

---

[4] *See* Minute Entry dated June 26, 2020.  The transcript of this hearing, which was not yet filed as of the date of this Decision, is hereby incorporated into this Damages Decision by reference.

[5] Order, issued April 13, 2020 (ECF No. 40) at 1. On April 6, 2020, the parties indicated they could participate in an expedited hearing on June 26, 2020. Joint Status Report, filed April 27, 2020 (ECF No. 44).

2

In sum, compensation awarded pursuant to the Vaccine Act shall include "actual and projected pain and suffering and emotional distress from the vaccine-related injury, [in] an award not to exceed $250,000." Section 15(a)(4). The petitioner bears the burden of proof with respect to each element of compensation requested. *Brewer v. Sec'y of Health & Human Servs.*, No. 93-0092V, 1996 WL 147722, at *22-23 (Fed. Cl. Spec. Mstr. Mar. 18, 1996).

### III.   Appropriate Compensation for Petitioner's Pain and Suffering

Pain and suffering is the sole disputed damages component herein, so only the legal standards bearing on its calculation are relevant. In this case, awareness of the injury is not at issue - Petitioner was at all times a competent adult with no impairments that would impact her awareness of her injury. Therefore, I analyze principally the severity and duration of Petitioner's injury.

When performing this analysis, I review the record as a whole to include the medical records and affidavit filed and all assertions made by the parties in written documents and at the expedited hearing held on June 26, 2020. I have also considered prior awards for pain and suffering in both SPU and non-SPU SIRVA cases and rely upon my experience adjudicating these cases. However, I base my ultimate determination on the specific circumstances of this case as set forth herein:

- Ms. Drake received the flu vaccine alleged as causal on October 25, 2017. Exhibit 2 at 1-2. Petitioner states that she experienced unusually severe pain immediately after its administration. Ex. 3 at 1;

- Petitioner presented to an urgent care center on November 21, 2017 for an evaluation of her right shoulder. Ex. 6 at 5-12. She was found to have limited range of motion and was diagnosed with right shoulder pain, adhesive capsulitis and "vaccination side effects." *Id.* at 9. Bursitis and shoulder impingement syndrome were also noted. Id. at 11-12;

- In addition to consulting with an orthopedic surgeon, in December 2017, Petitioner received a steroid injection and underwent an MRI. Ex. 8 at 6, 37; Ex. 3 at 2. The MRI revealed "abnormal edema involving the distal portions of the infraspinous muscle as well as the infraspinous tendon." Ex. 7 at 2;

- Between December 27, 2017, and January 19, 2018, Petitioner completed ten sessions of physical therapy. Ex. 9 at 81-118. While the note documenting her initial evaluation indicates that Petitioner rated her pain as a four on a ten-point scale, her discharge note reports that her pain had increased to a six. *Id.* at 93;

3

- Between January 29, 2017 and May 7, 2017, Ms. Drake continued to suffer from severe pain. Ex. 3 at 2-3. On May 18, 2017, after receiving a second MRI that revealed a longitudinal split tear of the infraspinatus tendon with edema and fluid in the infraspinatus tendon and glenohumeral joint, her orthopedist recommended arthroscopic rotator cuff repair and subacromial decompression surgery. Ex. 7 at 5, Ex. 8 at 11;

- Ms. Drake underwent right arthroscopic surgery with extensive debridement on May 29, 2018. Ex. 8 at 13-14. Her postoperative diagnosis was right shoulder impairment with extensive subdeltoid bursitis. *Id.* at 13;

- From May 31 to August 24, 2018, Ms. Drake completed 19 sessions of physical therapy. Ex. 9 at 2-72. At the time of her initial evaluation, Petitioner reported "significant stiffness and loss of mobility." *Id.* at 71. At discharge, Petitioner reported intermittent spiking pain with certain movements. *Id.* at 2. Moreover, she continued to have limited range of motion and a 39% shoulder impairment. *Id*; and

- In her affidavit, signed November 9, 2018, Petitioner states that she continues to have pain, soreness, and limited range of motion in her right shoulder. Ex. 3 at 3. She further states that she still has difficulty with daily activities involving the use of her shoulder, such as lifting, carrying and driving. *Id.*

The case record overall thus establishes that Petitioner experienced ten months of moderate levels of pain and limited range of motion in her right shoulder. Despite ten sessions of physical therapy and a corticosteroid injection, Petitioner underwent arthroscopic surgery approximately seven months after her receipt of the flu vaccine. Following this procedure, Petitioner underwent an additional 19 sessions of physical therapy. Upon completion, Petitioner continued to experience lingering problems and was determined to have a 39% shoulder disability.

The above-described course is similar to the petitioner in *Dobbins v. Sec'y of Health & Human Servs.*, No. 16-0854V, 2018 WL 4611267, at *13 (Fed. Cl. Spec. Mstr. Aug. 15, 2018). The *Dobbins* petitioner was awarded $125,000.00 for pain and suffering from a "mild to moderate painful injury," and where the petitioner participated in approximately 50 sessions of physical therapy, received one cortisone injection, and underwent arthroscopic surgery, but whose symptoms were largely resolved within six months of vaccination. S*ee also Nute v. Sec'y of Health & Human Servs.*, No. 18-0140V, 2019 WL 6125008, at *12 (Fed. Cl. Spec. Mstr. Sept. 6, 2018)(awarding $125,000.00 for pain and suffering to a petitioner who was found to suffer from moderate to severe SIVA

symptoms for approximately nine months post-vaccination, with less severe symptoms for an additional one-to-two months. Petitioner received three cortisone injections, participated in 19 sessions of physical therapy, and underwent left shoulder surgery). I therefore find that a damages award comparable to these two cases is most warranted given the comparable severity (reflected in overall treatment received) and duration of Petitioner's injury.

## IV.     Conclusion

Based on the record as a whole and arguments of the parties, **I award Petitioner a lump sum payment of $<u>126,859.13</u>, consisting of $1,859.13 for medical expenses, and $125,000 for actual pain and suffering, in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[6]

**IT IS SO ORDERED.**

                                      <u>s/Brian H. Corcoran</u>
                                      Brian H. Corcoran
                                      Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.